IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD TERRELL RICE,**<br><br>Petitioner,<br><br>v.<br><br>**ANDRE MATEVOUSIAN,**<br><br>Respondent. | Case No. 1:17-cv-00123-MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION AND FIRST AMENDED PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**(ECF Nos. 1, 8)** |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241.

    Petitioner filed the instant petition for writ of habeas corpus on January 24, 2017. (Pet., ECF No. 1.) In the petition, Petitioner states that he underwent a disciplinary hearing for possession of a dangerous weapon and was found guilty. He was disallowed forty one days of good conduct time and assessed a 15-day segregated housing term, loss of commissary and phone privileges, and a monetary fine. At the time he filed his petition, he had finished his term in disciplinary segregation. However, his institutional trust account was frozen and he was unable to purchase hygiene items or pens. He contends that this freeze was imposed in retaliation and prevented him from accessing the courts.

On February 28, 2017, Petitioner filed a first amended petition, which appears intended to supplement, rather than replace his original petition. (ECF No. 8.) He states that he continues to suffer restrictions on his trust account, is unable to purchase stamps and pens, and is subjected to a campaign of harassment and retaliation.

In both petitions, Petitioner seeks unspecified injunctive relief.

**I.  Discussion**

**A.  Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.  Failure to State Cognizable Claim**

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson,

1  544 U.S. 74 (2005).

2  Petitioner's claims do not implicate the fact or duration of his confinement. The Court notes that Petitioner does not challenge his underlying conviction by way of this petition. As stated, Petitioner challenges the conditions of his confinement. Specifically, he challenges the denial of access to his trust account and commissary items, and what he describes as harassment and retaliation. Petitioner's claims, even if meritorious, would not implicate the fact or duration of his confinement.

8  Although the petition refers to a disciplinary violation, Petitioner was no longer confined in disciplinary segregation at the time of filing his petition and does not appear to challenge the proceeding itself or the disallowance of good conduct time. Furthermore, even if his claims can be construed to implicate the fact or duration of his confinement, it does not appear that he has alleged any federal violation in the conduct of his disciplinary hearing. A district court may entertain a petition for a writ of habeas corpus by a state prisoner only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

18  Petitioner's claims are not cognizable grounds for federal habeas corpus relief. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). As it is possible that a federal claim could be stated, Petitioner is provided the opportunity to file an amended petition to attempt to state a cognizable claim.

**II.    Order**

25  Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to state cognizable federal claims. Petitioner is ORDERED to file an amended petition for writ of habeas corpus within thirty (30) days of

the date of service of this order. Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   March 23, 2017              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE