IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD TERRELL RICE,**<br><br>Petitioner,<br><br>v.<br><br>**ANDRE MATEVOUSIAN,**<br><br>Respondent. | Case No. 1:17-cv-00123-MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**(ECF Nos. 1, 8, 10)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241. Respondent Andre Matevousian, warden of U.S. Penitentiary -- Atwater, is represented by Karen Escobar of the Office of the United States Attorney. Both parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 4, 6.)

**I.  Procedural History**

On January 24, 2017, Petitioner filed his petition for writ of habeas corpus. (Pet., ECF No. 1.) Therein, he alleged that he underwent a disciplinary hearing for possession of a dangerous weapon and was found guilty. He was disallowed forty one day of good

1

conduct time and assessed a 15-day segregated housing term, loss of commissary and phone privileges, and a monetary fine. At the time he filed his petition, he had finished his term in disciplinary segregation. However, his institutional trust account was frozen and he was unable to purchase hygiene items or pens. He alleged that this freeze was imposed in retaliation and prevented him from accessing the courts.

On February 28, 2017, Petitioner filed a first amended petition, which appeared intended to supplement, rather than replace his original petition. (ECF No. 8.) He stated that he continued to suffer restrictions on his trust account, was unable to purchase stamps and pens, and was subjected to a campaign of harassment and retaliation.

On March 23, 2017, the Court screened the petitions and determined that Petitioner's claims were not cognizable grounds for habeas corpus relief. (ECF No. 9.) Petitioner was granted leave to amend and was ordered to show cause why the petition should not be dismissed. (Id.) Petitioner filed his response to the order to show cause on April 6, 2017, which he also describes as his amended petition. (ECF No. 10.) In the response, Petitioner alleges that he is housed in a step-down unit where various privileges are suspended. He cannot purchase stamps or pens. This has led to a violation of his Fifth and First Amendment rights. He states that the effect of these restrictions is equivalent to what he would have experienced in disciplinary segregation.

**II.     Discussion**

    **A.     Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis

v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Failure to State Cognizable Claim**

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method for a prisoner to challenge the conditions of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then a civil rights action is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner does not challenge his underlying conviction by way of his original or amended petitions. Instead, Petitioner challenges the conditions of his confinement. Specifically, he challenges the denial of access to his trust account and commissary items, and what he describes as harassment and retaliation. Petitioner's claims, even if meritorious, would not implicate the fact or duration of his confinement.

Although the petition refers to a disciplinary violation, Petitioner was no longer confined in disciplinary segregation at the time of filing his petition and does not appear to challenge the proceeding itself or the disallowance of good conduct time. Furthermore, even if his claims can be construed to implicate the fact or duration of his confinement, it does not appear that he has alleged any federal violation in the conduct of his disciplinary hearing.

A district court may entertain a petition for a writ of habeas corpus by a state prisoner only on the ground that the custody is in violation of the Constitution, laws, or

treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); <u>Wilson v. Corcoran</u>, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

Petitioner's claims are not cognizable grounds for federal habeas corpus relief. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971). Petitioner has been provided leave to amend but has nonetheless failed to allege a cognizable claim. As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to further leave to amend prior to dismissal of the entire action. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

**C. Civil Rights Complaint**

In an appropriate case a habeas petition may be construed as a civil rights complaint. <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the <u>Wilwording</u> case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. <u>See</u> 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will recommend the case be dismissed without prejudice

1 | to Petitioner presenting the claims in a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), rather than a habeas petition, which will be assigned a separate civil number. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

**III.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971); and
2. The Clerk of Court is directed to send Petitioner a blank civil rights complaint form.

IT IS SO ORDERED.

Dated:     April 14, 2017                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE